UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA ROSSER,<br><br>Defendant. | Case No. 25-CR-291 (LLA) |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

Defendant Joshua Rosser agrees to admit guilt and enter a plea of guilty to Count One of the Information charging the defendant with Misdemeanor Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a)(1); and Count Two of the Information charging the defendant with Felony Fleeing from Law Enforcement, in violation of 50 D.C. Code § 2201.05(b)(2).

### II. Penalties

The penalties for Count One for Misdemeanor Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a)(1), are:

(A) a term of imprisonment not more than one year in jail;

(B) a fine not to exceed $100,000;

(C) a term of probation of not more than five years; and

(D) a special assessment of $100.

The penalties for Count Two of the Information charging the defendant with Felony Fleeing from Law Enforcement, in violation of 50 D.C. Code § 2201.05(b)(2), are:

1

    (A)    a term of imprisonment not more than five years;

    (B)    a fine not to exceed $12,500;

    (C)    a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

The United States Sentencing Guideline §5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised released and/or probation.

## II.  Elements of the Offense

To prove that the defendant is guilty of Misdemeanor Assaulting, Resisting, or Impeding Certain Officers or Employees, the government must prove the following beyond a reasonable doubt:

1. That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a United States Marshal; and
2. The United States Marshal was engaged in the performance of his official duties at the time of the assault.

To prove that the defendant is guilty of Felony Fleeing from Law Enforcement, the government must prove the following beyond a reasonable doubt:

1. The defendant was operating a motor vehicle;
2. A law enforcement officer signaled him to bring the motor vehicle to a stop;
3. After the signal from a law enforcement officer, the refused to bring the motor vehicle to an immediate stop, fled, or attempted to elude the law enforcement officer;

4. The defendant did so voluntarily, on purpose, and not by mistake or accident; and

5. While refusing to bring the motor vehicle to an immediate stop, fleeing, or attempting to elude the law enforcement officer, the defendant damaged property, caused bodily injury, or drove recklessly.

### III.  Proffer of Evidence

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established the following beyond a reasonable doubt.

On September 2, 2025, members of the Executive Order 14252 Task Force who were working the evening tour within the District of Columbia were wearing plainclothes and external vests that stated "POLICE," "FBI," or "U.S. MARSHAL," with law enforcement identifiers prominently displayed. Members were operating unmarked police cruisers equipped with emergency lights and sirens.

At approximately 2:08 pm, officers saw the defendant, Joshua Rosser, driving a heavily tinted Infiniti SUV with a counterfeit Texas Buyer's Tag. After officers confirmed that the tag was counterfeit, they attempted to pull the defendant over and conduct a traffic stop. An unmarked U.S. Marshal Service (USMS) vehicle occupied by four Deputy U.S. Marshals (DUSMs) pulled in front of the defendant with emergency equipment activated, making it readily identifiable as a police vehicle. Simultaneously, an unmarked U.S. Park Police (USPP) vehicle occupied by two USPP officers located behind the defendant's car activated its emergency equipment. USPP Officer

3

Brennan then began to exit the cruiser. After Officer Brennan got out of his vehicle, the defendant voluntarily, on purpose, and not by mistake or accident rapidly accelerated forward, colliding the rear of the USMS vehicle that was occupied by the four DUSMs. After colliding with and causing damage to the USMS vehicle, the defendant drove away in his SUV.

Officers chased the defendant in their vehicle with both their lights and sirens on. During the pursuit, the defendant drove recklessly by crossing the double yellow center divide, reaching speeds in excess of 80 miles per hour, and driving the wrong way up one-way streets.

During the chase, the defendant's car collided with and caused damage to the front bumper of a second USMS vehicle occupied by three DUSMs, who were also trying to conduct a traffic stop of the defendant. When the defendant collided with the second DUSM vehicle, the force of the car crash caused DUSM Rote's head to hit his head rest, resulting in an injury to his head. After colliding with and causing damage to the DUSM vehicle, the defendant pulled away and continued to flee.

After approximately 10 minutes of fleeing from law enforcement who were chasing him with their lights and sirens on, the defendant's SUV came to a stop and he was arrested.

Respectfully submitted,

*/s/ Jared English*
Jared English
Assistant United States Attorney

## **DEFENDANT'S ACCEPTANCE**

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement after signing it, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, after it is signed, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 10-7-25

Joshua Rosser
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I, Marc Eisenstein, have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with my client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, by signing the Plea Agreement, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement after signing it, or breaches the Plea Agreement.

Date: 10/7/25

Marc Eisenstein, Esq.
Attorney for Defendant